SOUTH GRAND RAPIDS IMPROVEMENT CO. *v.* MICHIGAN
CENTRAL RAILROAD CO.

EJECTMENT—BURDEN OF PROOF—ADVERSE POSSESSION.

In ejectment against a railroad company for a strip of land along
its right of way, where plaintiff shows a record title from
defendant's grantor to the parcel through which the railroad
runs, excepting the right of way, and introduces by stipula-
tion a map of the right of way made by defendant's engi-
neers, according to which the original right of way did not
include the land in dispute, a prima facie case for plaintiff is
established, and the burden is on defendant to show title by
adverse possession.

Error to Kent; Wolcott, J. Submitted November 17,
1905. (Docket No. 142.) Decided January 23, 1906.

Ejectment by the South Grand Rapids Improvement
Company against the Michigan Central Railroad Com-
pany. There was judgment for plaintiff, and defendant
brings error. Affirmed.

*Taggart, Denison & Wilson*, for appellant.

*Knappen, Kleinhans & Knappen*, for appellee.

GRANT, J. This is an action of ejectment to recover a
strip of land 1,500 feet long by 10 feet wide, along the
westerly side of the defendant's right of way in the city of
Grand Rapids. One of plaintiff's grantors conveyed to
the defendant a right of way 100 feet wide through the
quarter section of land upon which the property in dispute
is located. The subsequent deeds from such grantor to
the plaintiff excepted from them the defendant's right of
way. The exception did not locate the right of way.
Plaintiff claims the record title. It introduced its title
deeds, and, by stipulation, a map of the defendant's right
of way, made by its own engineers. According to this

map, the original right of way did not include the land in dispute. Defendant's claim appears to be based upon adverse possession, claiming that the land in dispute had been inclosed by a fence as a part of its right of way for more than 15 years. Plaintiff claims that the fence as it now exists was removed to its present location 12 years ago, and that therefore defendant had not obtained title by adverse possession.

The court instructed the jury that plaintiff had made out a prima facie case, and that the burden of proof was upon the defendant to show adverse possession. We think the instruction correct. The correctness of its own map does not appear to have been disputed by the defendant. Plaintiff's deeds and the map showed that this land was not originally included in the defendant's right of way. This being so, the defendant could obtain title only by adverse possession, and the burden of proof to sustain such title was clearly upon it.

Judgment affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.